# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

YUXING GAO,

                                        Plaintiff,

        v.

MARKWAYNE MULLIN, *et al*.,

                                        Defendants.

Case No. 26-cv-2671-BAS-AHG

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 8)**

Petitioner originally filed a habeas petition seeking release from custody, which the Court denied finding she was mandatorily detained under 8 U.S.C. § 1231. (26-cv-306-BAS-AHG). Petitioner now renews her request pursuant to 28 U.S.C. § 2241 with new counsel. (ECF No. 8.) Although she admits she was ordered removed by an Immigration Judge, she maintains that she has filed a timely appeal to the Board of Immigration Appeals ("BIA") which remains pending. (*Id*.) In her new Petition, she claims she was improperly detained after she was paroled into the United States. (*Id*.) The Government "acknowledge[s] that Petitioner is entitled to be released from custody subject to conditions of supervision." (ECF No. 11.) Thus, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as she was previously released.

26cv2671

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or Federal law. *See* 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since she is seeking release from custody, she has standing to pursue this Petition.

## II.    STATEMENT OF FACTS

Petitioner, a citizen of China, was paroled into the United States in 2023 to seek asylum. (ECF No. 8.) She has no criminal record and has complied with all conditions of her parole. (*Id*.) Nonetheless, on July 26, 2025, she was arrested without information as to why she was detained and without an informal interview. (*Id*.) She has not been given an opportunity to contest her detention or to discover why her parole was revoked. (*Id*.) Although an Immigration Judge ordered her removed on October 17, 2025, she has appealed that order to the BIA, and the appeal remains pending. (*Id*.) Thus, she is not yet subject to mandatory detention under 8 U.S.C. § 1231. The Government concedes that Petitioner is entitled to be released from custody. (ECF No. 11.)

## III.    ANALYSIS

This Court finds, and the Government agrees, Petitioner's re-detention without notice or an opportunity to be heard and without noticeable changed circumstances, violates Petitioner's Due Process rights. (ECF No. 11.)

Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held,:

- 2 -

26cv2671

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017); *see Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, 'the government's decision to release an individual from custody creates an implicit promise upon which that individual may rely, that their liberty will be revoked only if [they] fail [] to live up to the . . . conditions of release.'" (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because the Department of Homeland Security ("DHS") released Petitioner finding she was not a flight risk or a danger to the community in 2023, and because there is no evidence those circumstances have changed, Petitioner is entitled to remain released on the same conditions as she was initially released. If DHS believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge.

26cv2671

## IV.    CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** Yuxing Gao (A#245-660-979) be released on the same terms and conditions as she was ordered released on parole in 2023.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: May 20, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 4 -

26cv2671